IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DELGADO,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ORCHARD SUPPLY HARDWARE CORPORATION,<br><br>　　　　Defendant.<br>_____ / | Case No. 1:09-cv-01839 SMS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO AMEND<br><br>(Doc. 71) |

Now pending before the Court is Defendant Orchard Supply Hardware Corporation's ("OSH") motion to amend its answer. OSH seeks to amend its answer to include an affirmative defense based on a settlement agreement between Plaintiff Daniel Delgado ("Delgado") and third party Save Mart Supermarkets, Inc. ("Save Mart"). Delgado has opposed the motion. Having considered the parties' submitted briefs and the record in this case, the Court deems this matter suitable for decision without oral argument pursuant to Local Rule 230(g). The hearing scheduled for October 7, 2011 is therefore VACATED, and for the reasons set forth below, the motion to amend is GRANTED.

**I.　BACKGROUND**

Delgado initiated this action on October 20, 2009. (Doc. 1.) Delgado alleges that the Orchard Supply Hardware store located at 5653 Kings Canyon Road in Fresno, California discriminates against disabled persons such as himself because, among other things, there are access barriers in the store's parking lot. (See Doc. 32 at 1-5.) As relief, Delgado seeks injunctive relief pursuant to the Americans

1

with Disabilities Act ("ADA"), damages pursuant to the Disabled Persons Act, damages pursuant to the Unruh Civil Rights Act, and injunctive relief pursuant to California Health and Safety Code sections 19955 and 19959. (Doc. 32 at 7-11.)

On June 23, 2010, a stipulation and order was entered dismissing Save Mart (the landlord of the premises) as a defendant to this action. (Doc. 27.) Delgado agreed to release Save Mart from liability in exchange for (1) a payment of money and (2) modification of the premises to remove certain access barriers. (Doc. 58-2, Ex. 5.) Delgado filed a second amended complaint (the operative complaint) on February 11, 2011. (Doc. 32.) OSH, the sole remaining defendant to the action, filed an answer on February 14, 2011. (Doc. 33.)

On June 28, 2011, the parties filed cross motions for summary judgment. (Docs. 35 & 37.) In its motion for summary judgment, OSH contended, among other things, that the settlement agreement between Delgado and Save Mart applied with equal force to OSH and effectively released OSH from liability. (Doc. 56 at 11.) In Delgado's motion for summary judgment, Delgado maintained that the settlement agreement did not preclude Delgado from seeking injunctive relief against OSH regarding the access barriers in the parking lot. (Doc. 37 at 19.) The Court denied the parties' cross motions for summary judgment. (Doc. 66.) As to the effect of the settlement agreement, the Court concluded that genuine issues of material fact exist as to whether Delgado and Save Mart intended to release OSH as a third party beneficiary to the agreement. (Id. at 10-12.)

On September 21, 2011, the Court entered a pretrial order in this case and confirmed October 31, 2011 as the date set for trial.[1] (Doc. 70.) On September 23, 2011, OSH filed the instant motion to amend seeking to amend its answer to assert an affirmative defense based on the settlement agreement between Delgado and Save Mart. (Doc. 71.) Delgado filed an opposition to the motion on September 26, 2011. (Doc. 72.)

## II.   LEGAL STANDARD

A court should give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). In making this determination, a court should consider the presence of undue delay, bad faith or dilatory

---

[1] The trial date has since been vacated in light of the parties' consent to the jurisdiction of U.S. Magistrate Judge Barbara A. McAuliffe for trial. (See Doc. 77.)

motive, prior amendments, prejudice to the opposing party, and futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). "Not all of the factors merit equal weight[,]" however. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party is the critical factor that "carries the greatest weight." Id. (citation omitted). Undue delay, on the other hand, is by itself an insufficient justification for denying a motion to amend. Bowles v. Reade, 198 F. 3d 752, 758 (9th Cir. 1999.)

"Absent prejudice, or a strong showing of . . . [the other] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052 (emphasis in the original). Rule 15 encompasses a policy favoring leave to amend, one that "is to be applied with extreme liberality." Id. at 1051 (citations omitted). Indeed, the "underlying purpose of Rule 15 is to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

### III. DISCUSSION

#### A. Motion to Amend

OSH suggests at the outset of its motion that it is *always* an abuse of discretion under Rule 15 for a court to deny a motion to amend an answer to assert settlement as an affirmative defense. (See Doc. 71 at 5-6.) In essence, OSH contends that an affirmative defense based upon the existence of a settlement agreement must be decided on the merits, whether the defense is timely pled or not. OSH relies on the Ninth Circuit's decision in Miller v. Rykoff-Sexton, Inc., 845 F.2d 209 (9th Cir. 1988) as support for its argument.

The argument lacks merit. OSH completely mischaracterizes the holding in Miller. In Miller, the Ninth Circuit did not hold that it is *always* an abuse of discretion for a court to deny a motion to amend an answer to assert settlement as an affirmative defense. Rather, the Ninth Circuit held that it was an abuse of discretion for the district court to do so *in that case* based upon the argument that the amendment was futile. Miller, 845 F.2d at 214. The Ninth Circuit found that the amendment was not futile in Miller because questions of fact remained as to whether the parties had in fact agreed to settle the disputed claims: the defendant alleged that plaintiff's counsel had demanded $50,000 to settle the matter and that defendant's counsel had offered that amount. Id. As such, the Ninth Circuit concluded

that the district court should have granted the defendant leave to amend its answer to assert settlement as an affirmative defense.

Unlike Miller, futility is not at issue here.  Delgado does not contest the instant motion on the ground that it would be futile for OSH to amend its answer now to include settlement as an affirmative defense.  Indeed, the Court has already suggested in its order denying the cross motions for summary judgment that the defense is not entirely baseless.  (See Doc. 66 at 11-12) (concluding that a genuine issue of material fact exists as to whether Delgado and Save Mart actually intended to release OSH as a third party beneficiary).

Nor, for that matter, is bad faith a concern in this case.  A party acts in bad faith when it seeks to amend its pleadings solely for a "wrongful motive" such as unnecessary delay or harassment.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).  See Griggs v. Pace American Group, Inc., 170 F.3d 877, 881 (9th Cir. 1999) (party acts in bad faith when it is merely seeking to prolong the litigation by adding baseless legal theories).  Delgado does not argue in his opposition, nor is there any evidence in the record to suggest, that OSH is engaging in any form of gamesmanship by seeking to amend its answer.

The central issue here is whether there has been undue delay and prejudice.  Delgado contends that the instant motion to amend is the result of undue delay.  OSH disagrees.  OSH asserts that it did not seek to amend its answer at an earlier time because it remained "unclear" whether Delgado would pursue the claims regarding the access barriers in the parking lot despite having settled the issue with Save Mart.  (Doc. 71-1 ¶ 7.)  According to OSH, counsel for Delgado indicated during the scheduling conference back in June 2010 that Delgado was not pursuing those claims.  (Id. ¶ 2.)  OSH maintains that it became clear that Delgado did in fact intend to pursue the claims in question only after Delgado filed his motion for summary judgment a year later.  (Id. ¶ 7.)

"Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."  Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990) (citations omitted).  Here, it is undisputed that OSH acquired the settlement agreement between Delgado and Save Mart by November 12, 2010.  (Doc. 71-1 ¶ 4.)  It is also undisputed that Delgado filed his second amended complaint on February 11, 2011, in which he

reasserts his claims against OSH, including those that arguably fall within the scope of the settlement agreement. (Doc. 32 at 2-5.) It follows, then, that OSH was fully aware of all the facts giving rise to the affirmative defense by no later than February 11, 2011. Therefore, OSH could, and should, have asserted the affirmative defense when it served its answer to the second amended complaint just three days later on February 14, 2011. OSH did not. Instead, OSH waited more than four months to raise the issue in its motion for summary judgment and over seven months before filing the instant motion to amend. This constitutes undue delay.

Undue delay, however, is by itself an insufficient justification for denying a motion to amend; there must also be bad faith, futility, or prejudice to warrant the denial. See Bowles, 198 F.3d at 758. Delgado argues in this regard that allowing OSH to amend its answer at this late hour would prejudice him. Delgado asserts that discovery would need to be reopened so that he could prepare an adequate response to OSH's new affirmative defense. Delgado envisions that this would require deposing new witnesses,[2] issuing written discovery, and subpoenaing various third parties. (Doc. 72 at 6.) According to Delgado, "the universe of information is unlimited." (Id.)

It is true that reopening discovery and causing a delay in the proceedings is sufficient prejudice to warrant the denial of a motion to amend. See Solomon v. North Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998) (district court did not abuse its discretion in denying leave to amend when such would prejudice the non-moving party by reopening discovery). However, Delgado overstates the need for discovery on the issue of settlement. Contrary to Delgado's assertions, the issue is not new. The record is clear that Delgado was well-aware prior to the close of discovery on April 15, 2011 that OSH denied responsibility for the access barriers in the parking lot based on the settlement agreement between Delgado and Save Mart.

Particularly notable in this regard are OSH's interrogatory responses served January 28, 2011. (Doc. 71-2.) In interrogatory number five, Delgado requests OSH to set forth all the facts supporting its seventh affirmative defense, standing. (Id. at 3.) OSH's response to the interrogatory provides, in relevant part:

---

[2] Delgado indicates that OSH has designated a new witness, a witness who Delgado has yet had an opportunity to depose. (Doc. 72 at 6.)

5

> Plaintiff's complaint does not allege, and his deposition testimony establishes, that he has not suffered an injury-in-fact and that he has not encountered any of he barriers he has alleged at the store. *Plaintiff has settled all of his claims relating to exterior barriers with the landlord [Save Mart], rendering his claim against Defendant moot as to these issues.* The landlord has paid Plaintiff for any damages he claims to have suffered and has agreed to remove all barriers in the parking lot.

(Id.) (emphasis added). Also, in interrogatory number nine, Delgado asks OSH to explain its reasons for denying responsibility for each of the alleged accessibility barriers. (Id. at 4.) OSH's response to the interrogatory provides, in relevant part:

> Plaintiff has already resolved the exterior barriers through settlement with the landlord [Save Mart] and his counsel has repeatedly represented that he is only seeking claims against Defendant relating to alleged barriers inside the store.

(Id.) Thus, for more than two months prior to the close of discovery, Delgado was apprised of OSH's defense in everything but name.

Delgado's subsequent filings with the Court only further demonstrate that Delgado was fully aware of and, in fact, prepared to refute settlement as a defense. In his motion for summary judgment, Delgado specifically sought to preempt OSH's settlement defense by arguing that the agreement with Save Mart did not preclude Delgado from seeking injunctive relief from OSH. (Doc. 37 at 19.) Also, in his opposition to OSH's motion for summary judgment, Delgado maintained that OSH had not been released under the settlement agreement because Save Mart had yet to satisfy the conditions precedent for release. (Doc. 52 at 14-15.) At no point did Delgado argue that he was surprised by or unprepared to address OSH's settlement defense.

Against this backdrop, Delgado's bald assertion that expansive discovery is now required rings hollow. Indeed, the only "new" discovery that Delgado is able to specifically identify as needed is the deposition of OSH's "newly" designated witness. However, even here Delgado falls short. Delgado fails to explain who this new witness is or what information the witness might have with respect to the settlement agreement. Delgado's vague assertion of need for the deposition testimony of this witness therefore fails to demonstrate prejudice.

**B.     Limited Discovery**

Absent prejudice, the Court must grant OSH leave to amend its answer. See Eminence Capital, 316 F.3d at 1052. However, in order to eliminate any trace of prejudice to Delgado that might result

from the untimely amendment, the Court will allow Delgado to conduct limited discovery on the issue of settlement: Delgado shall have until October 21, 2011 to depose OSH's newly designated witness on matters related to the settlement agreement.

**IV.    CONCLUSION**

In accordance with the above, the Court:

1. GRANTS OSH's motion to amend its answer; and
2. ALLOWS Delgado to depose OSH's newly designated witness by October 21, 2011.

IT IS SO ORDERED.

Dated:   October 3, 2011                /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE